

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-26-00059-CV

_____

ZACHARY SADEGHIAN, AGENT AND TRUSTEE OF KAMY REAL PROPERTY TRUST, KAMY TRUST, RERAM INC., KOZAMESA INC., KAMY INVESTMENTS, LLC., AMY J. SADEGHIAN & KHOSROW SADEGHIAN OF KAMY REAL PROPERTY TRUST, AND ZFN REALTY LLC, APPELLANTS

V.

DENTON CENTRAL APPRAISAL DISTRICT, APPELLEE

_____

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 24-9722-431, Honorable James S. Johnson, Presiding[1]

_____

July 15, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, Zachary Sadeghian, as agent and trustee of KAMY Real Property Trust, KAMY Trust, Reram, Inc., Kozamesa Inc., KAMY Investments, LLC, Amy J. Sadeghian & Khosrow Sadeghian of KAMY Real Property Trust, and ZFN Realty, LLC (collectively

_____

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE § 73.001. We apply the Second Court's precedent to the extent it conflicts with our own. *See* TEX. R. APP. P. 41.3.

"Sadeghian"), appeals from the trial court's order granting Appellee Denton Central Appraisal District's (DCAD) plea to the jurisdiction. Sadeghian challenges the trial court's order through three issues. We affirm.

Tax Code Section 42.21(h) says that a court has jurisdiction over an appeal of an Appraisal Review Board (ARB) order provided that the petition is timely under the Code and the petition contains information sufficient to identify the property that is the subject of the appeal. TEX. TAX CODE § 42.21(h). No such petition exists in this case. Sadeghian failed to identify any properties until more than nine months after the Tax Code's jurisdictional deadline.

## BACKGROUND

The underlying suit arose after several individuals and entities who owned or held interests in real properties in Denton County, Texas, filed protests with the Denton County Appraisal Review Board (DCARB) following DCAD's assignment of appraised values to those properties. Sadeghian challenged the appraised values as excessive and unequal. The DCARB issued written Orders Determining Protest, and Sadeghian received them on or about August 14, 2024.

On October 14, 2024, Sadeghian filed an original petition, seeking judicial review under Texas Tax Code Chapter 42. In that pleading, Sadeghian alleged the trial court had subject-matter jurisdiction under section 42.01 of the Tax Code, that they had exhausted all administrative remedies, and that all conditions precedent to the trial court's jurisdiction had occurred. The properties were identified in the original petition through a

Dropbox link to a document entitled "Order-of-Determination-of-Protest-2024-Tax-Year-Denton."

On October 30, 2024, DCAD filed its answer, generally denying all allegations. No further pleadings were filed concerning the sufficiency of the petition or the identification of the properties. However, in a December 20, 2024 email, DCAD's counsel acknowledged the Dropbox link and asked whether Sadeghian would amend or supplement the petition before he filed a motion. In a January 12, 2025 email, DCAD again stated the petition "does not identify any properties" but rather, contained "a link to a drop box fil[e] that supposedly identifies the properties." Counsel said he had "started a motion to dismiss" but wanted to inquire whether Sadeghian would amend. Thereafter, on April 14, 2025, Sadeghian filed a first amended petition containing many of the same allegations. DCAD did not challenge the identification of the properties at that time. However, in another email dated June 11, 2025, DCAD's counsel again stated that the First Amended Petition "does not identify any properties," but also said: "I would rather not go to court on special exception/motion to dismiss on the pleadings or on a discovery dispute."

Sadeghian filed their second amended original petition on July 31, 2025. It stated "[t]he Properties in question" were "fully described, documented and attached to this Petition as Exhibit A." The exhibits included approximately 514 ARB orders relating to both tax years 2023 and 2024. The prayer for relief asked the trial court to compel DCAD "to correct the 2024 appraisal roll . . . ." Two weeks later, DCAD filed its plea to the jurisdiction, arguing the original petition failed to identify any particular properties and that a Dropbox link was insufficient to establish jurisdiction. DCAD further argued: (1) the

3

second amended petition identified properties for the first time outside the 60-day deadline set forth in section 42.21(a) of the Tax Code, (2) claims relating to tax year 2023 were untimely, and (3) the case should alternatively be severed because it involved many plaintiffs and properties.  In addition, DCAD asserted the second amended petition was filed after the court's scheduling order deadline and after the expert designation deadline had passed, causing surprise and prejudice.

On September 18, 2025, Sadeghian filed a motion for leave and response to the plea.  They argued the issues presented were legal and would not cause surprise.  In the response, Sadeghian said the original petition provided fair notice, that any complaint about property identification had to be raised by special exceptions rather than a plea to the jurisdiction, that the second amended petition simply attached the same ARB orders already referenced by link and did not assert new claims, and that the amended pleading related back to the original filing date.  Sadeghian also responded to DCAD's argument about the 2023 tax year.  They said all the properties at issue, including the 127 ARB orders relating to 2023 tax valuations, were heard by the ARB during 2024, that all final orders were signed and issued in 2024, and that those orders were received on August 14, 2024, making the October 14, 2024 petition timely under Texas Tax Code section 42.21(a).  Sadeghian attached ARB final orders and a hearing-date spreadsheet to support those claims.  They also argued DCAD was unable to establish surprise or prejudice because DCAD had already propounded written discovery concerning the properties at issue.

The trial court held a hearing in September 2025 on the plea to the jurisdiction.[2] The trial court signed an order the same day, granting the plea and dismissing Sadeghian's claims for want of jurisdiction. No specific grounds appeared in the order. Sadeghian filed a motion for new trial and a motion to reconsider challenging the trial court's order. Those motions were overruled by operation of law.

**ANALYSIS**

Standard of Review and Applicable Law

"An appraisal district is a political subdivision of the state." TEX. TAX CODE § 6.01(c). Governmental immunity provides political subdivisions of the state immunity from suit and liability. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). "A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction." *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

A plea to the jurisdiction is a procedural vehicle used to challenge the court's subject-matter jurisdiction over a claim. *City of Webster v. Hunnicutt*, 650 S.W.3d 792, 797 (Tex. App.—Houston [14th Dist.], 2022, pet. denied) (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 232 (Tex. 2004)). The standard of review of a trial court's ruling on such a plea is de novo. *Id.* (citing *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007)). When reviewing the trial court's decision, we do not consider the merits of the underlying claim; we consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *Id.* (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555

---

[2] The appellate record does not include the reporter's record of that hearing.

5

(Tex. 2000)).  When a plea challenges the claimant's pleadings, we determine whether the claimant pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant.  *Id.* (citing *Miranda*, 133 S.W.3d at 226).  If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the claimant should be afforded the opportunity to amend.  *Id.* at 797.  But, if the pleadings affirmatively negate the existence of jurisdiction, we should render by granting the plea and dismissing for want of jurisdiction without allowing an opportunity to amend.  *Id.*

The standard of review for a plea to the jurisdiction based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)."  *Id.* Under this standard, we take as true all evidence favoring the nonmovant and draw all reasonable inferences and resolve any doubts in the nonmovant's favor.  *Id.*  If the movant presents conclusive proof that the trial court lacks subject-matter jurisdiction, then the nonmovant must present evidence sufficient to raise a material issue of fact regarding jurisdiction or the plea will be sustained.  *Id.* at 797–98.

Because they seek relief from ad valorem taxes, Sadeghian is limited to the rights and remedies provided under the Tax Code.  *See* TEX. TAX CODE § 42.09 (providing exclusive remedy).  Section 42.01 of the Tax Code provides as follows:

(a) A property owner is entitled to appeal:

(1) an order of the appraisal review board determining:

(A) a protest by the property owner as provided by Subchapter C of Chapter 41;

6

(B) a motion filed under Section 25.25;

(C) that the property owner has forfeited the right to a final determination of a motion filed under Section 25.25 or of a protest under Section 41.411 for failing to comply with the prepayment requirements of Section 25.26 or 41.4115, as applicable;

(D) eligibility for a refund requested under Section 23.1243; or

(E) that the appraisal review board lacks jurisdiction to finally determine a protest by the property owner under Subchapter C, Chapter 41, or a motion filed by the property owner under Section 25.25 because the property owner failed to comply with a requirement of Subchapter C, Chapter 41, or Section 25.25, as applicable; or

(2) an order of the comptroller issued as provided by Subchapter B, Chapter 24, apportioning among the counties the appraised value of railroad rolling stock owned by the property owner.

(b) A property owner who establishes that the owner did not forfeit the right to a final determination of a motion or of a protest in an appeal under Subsection (a)(1)(C) is entitled to a final determination of the court, as applicable:

(1) of the motion filed under Section 25.25; or

(2) of the protest under Section 41.411 of the failure of the chief appraiser or appraisal review board to provide or deliver a notice to which the property owner is entitled, and, if failure to provide or deliver the notice is established, of a protest made by the property owner on any other grounds of protest authorized by this title relating to the property to which the notice applies.

(c) A property owner who establishes that the appraisal review board had jurisdiction to issue a final determination of the protest by the property owner under Subchapter C, Chapter 41, or of the motion filed by the property owner under Section 25.25 in an appeal under Subsection (a)(1)(E) of this section is entitled to a final determination by the court of the protest under

Subchapter C, Chapter 41, or of the motion filed under Section 25.25.  A final determination of a protest under Subchapter C, Chapter 41, by the court under this subsection may be on any ground of protest authorized by this title applicable to the property that is the subject of the protest, regardless of whether the property owner included the ground in the property owner's notice of protest.

Tᴇx. Tᴀx Cᴏᴅᴇ § 42.01.

Section 42.21 of the Tax Code provides in relevant part as follows:

(a) A party who appeals as provided by this chapter must file a petition for review with the district court within 60 days after the party received notice that a final order has been entered from which an appeal may be had or at any time after the hearing but before the 60-day deadline.  Failure to timely file a petition bars any appeal under this chapter.

Tᴇx. Tᴀx Cᴏᴅᴇ § 42.21.  "The 60-day filing deadline is jurisdictional, meaning that if the property owner does not timely file the petition, the trial court lacks subject matter jurisdiction to hear the appeal." *Lee v. Hood Cnty. Appraisal Dist.*, No. 02-23-00176-CV, 2024 Tex. App. LEXIS 1869, at *12 (Tex. App.—Fort Worth Mar. 14, 2024, pet. denied) (mem. op.).  "Whether the plaintiff is the proper party to bring the petition or whether the property needs to be further identified or described must be addressed by means of a special exception and correction of the petition by amendment as authorized by Subsection (e) and may not be the subject of a plea to the jurisdiction or a claim that the plaintiff has failed to exhaust the plaintiff's administrative remedies."  Tᴇx. Tᴀx Cᴏᴅᴇ § 42.21(h).

<u>Application</u>

<u>Error in Granting Plea Based on Alleged Defects in Property Identification</u>

By their first issue, Sadeghian contends the trial court erred in granting a plea to the jurisdiction based on alleged defects in property identification because section 42.21(h) requires such complaints to be raised by special exception and amendment, not by plea to the jurisdiction. DCAD responds, asserting Sadeghian misstates the law. Tax Code section 42.21(h) expressly requires a timely-filed petition that provides sufficient facts to identify the property that is the subject of the appeal. The Original Petition failed to include allegations or information sufficient to identify the property at issue. We overrule the issue.

Sadeghian argues DCAD's complaints had to be raised by special exception under section 42.21(h), not by a plea to the jurisdiction. They claim DCAD did not contend that no DCARB orders existed or that no timely petition was filed. Rather, it claimed that the petition failed to identify any properties. This is the very type of complaint, Sadeghian asserts, that must be challenged by a special exception, not a plea to the jurisdiction. Tex. Tax Code § 42.12(h).

Counsel for DCAD recognized this in various emails in which he noted, "The pleading—First Amended Petition—does not identify any properties. It has a link to a Dropbox file, which I do not think is sufficient. The contents of that file are not in the court's records and are subject to change." He noted also, "I would rather not go to court on special exception/motion to dismiss on the pleadings or on a discovery dispute." Rather than file a special exception, DCAD filed a plea to the jurisdiction on the basis that

9

the original petition failed to sufficiently identify the properties. This, Sadeghian says, is fatal and the trial court should not have granted the plea on this basis.

DCAD responds, explaining Sadeghian has misunderstood the applicable law. Jurisdiction is not defeated by an inaccurate description of the law, but it is if the petition does not provide enough information to identify the property. In this case, the petition failed to provide sufficient information to identify the property; it did not simply supply an inaccurate description. Accordingly, raising the deficiency via a plea to the jurisdiction was proper.

Section 42.21(h) provides that, even if a property owner is not correctly identified or the property is not correctly described, the court has jurisdiction, "so long as" three conditions are satisfied: (1) the appraisal review board issued an order concerning the property; (2) the petition was timely filed under section 42.21(a); and (3) the petition provides sufficient information to identify the property that is the subject of the petition. TEX. TAX CODE § 42.21(h); *Valero Refining-Tex., L.P. v. Galveston Cent. Appraisal Dist.*, 519 S.W.3d 66, 73 (Tex. 2017). These are to be read in the conjunctive; therefore, all conditions must be met. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69 (Tex. 2008) ("[a]nd is conjunctive" and requirements so joined must all be met). The first condition is not at issue here, and we will address the second separately herein.

As to the third condition, the original petition stated only that, "[t[he Property in question comprises a legally recognized parcel or parcels of land, the details and boundaries of which are fully described, documented and attached to this Petition as a Drop Box Link: [link redacted]." That description did not describe any property and did

10

not indicate the property at issue comprised hundreds of pieces of property with claims associated with each.

As noted by DCAD, a link to documents or other material available on the internet can be changed at any time. Therefore, we cannot verify the authenticity or integrity of such material in that format. *See Baker v. Farmers New World Life Ins. Co.*, No. 07-25-00332-CV, 2026 Tex. App. LEXIS 5306, at *2 (Tex. App.—Amarillo June 8, 2026) (order) (stating, "even if the exhibits were accessible through the link, the Court would be unable to verify their authenticity or integrity in that format"). Consequently, a hyperlink cannot serve as a sufficient description of the property at issue.

Moreover, a hyperlink to outside documents or other material does not comply with Rule 59. Rule 59 requires that instruments constituting, in whole or in part, the claim sued on, or the matter set up in defense, "may be made part of the pleadings by copies thereof, or the originals, being attached or filed and referred to as such, or by copying the same in the body of the pleading . . . ." TEX. R. CIV. P. 59. The Dropbox link simply does not satisfy the requirement that the material be attached, filed, or copied directly into the body of the pleading. *Id.*

Given the foregoing, we find the petition did not identify the property at issue. Reading section 42.21(h) to apply even when no property is identified would effectively erase the statutory requirement that the petition describe the property. That interpretation violates the basic principle that we should give effect to every word and avoid construing one provision in a manner that renders another superfluous. *See Tex. Educ. Agency v. United States Dep't of Educ.*, 908 F.3d 127, 133 (5th Cir. 2018) ("[a]s a 'cardinal principle

11

of statutory construction,' the presumption against superfluity requires the court to 'give effect, if possible, to every clause and word of a statute . . . rather than to emasculate an entire section'"). The better reading harmonizes the provisions: section 42.21(h) protects against dismissal when there is an inadequate property description that can be corrected through special exceptions, but it does not excuse the complete absence of a property description. Because the petition never satisfied that threshold requirement, section 42.21(h) was never triggered, and the trial court correctly concluded it lacked jurisdiction. *See Coll. Retail LLC v. Jefferson Cent. Appraisal Dist.*, 589 S.W.3d 856, 861 (Tex. App.—Corpus Christi 2019, no pet.) (stating, "JCAD admitted that College Retail's suit was timely filed, College Retail's original and amended petitions *clearly and unequivocally identify the property at issue by including the notice of final order with all of the identifying property information*, the property was the subject of an ARB order, and the JCAD filed no special exceptions that appear in the record. As a result, the trial court had jurisdiction as set out in § 42.21(h).") (emphasis added).

Because the trial court did not acquire jurisdiction at the time the original petition was filed, the second amended petition that corrected the deficient descriptions of the property did not confer jurisdiction. *See Richardson v. Tex. Workforce Comm'n*, No. 01-13-00403-CV, 2014 Tex. App. LEXIS 6115, at *11 (Tex. App.—Houston [1st Dist.] June 5, 2014, pet. denied) (mem. op.) (finding that because plaintiff "did not amend her petition until almost two months after the statutory deadline for filing a petition for judicial review had passed, her amended petition failed to meet the . . . jurisdictional requirements" under the TWC). Therefore, the trial court properly granted DCAD's plea to the jurisdiction.

<u>Proper Relief</u>

Because the third issue is closely related to the second, we address it next. By the third issue, Sadeghian claims that even if DCAD's complaints had merit, they concerned amendment or joinder and could support, at most, procedural relief such as amendment or severance, not dismissal for lack of jurisdiction. DCAD argues this is "primarily a re-hash of Issue One." It notes Sadeghian invokes the relation-back doctrine, but that doctrine applies to limitations, not to jurisdiction. We overrule the issue.

Sadeghian argues on appeal that the second amended petition did not assert a new transaction or occurrence; it merely replaced the previously-referenced Dropbox link with copies of the same DCARB orders identifying the properties at issue in the appeal. They claim an amendment of this nature relates back to the original pleading. However, the relation-back doctrine "cannot create jurisdiction where none existed." *Moser v. Dillon Invs., LLC*, 649 S.W.3d 259, 263 (Tex. App.—Dallas 2022, no pet.). Because, as discussed above, the original petition did not allege facts that invoked the trial court's jurisdiction, the second amended petition cannot relate back.

Further, Sadeghian asserts, if the timing violated Texas Rule of Civil Procedure 63 or the trial court's scheduling order, such an issue is procedural, not jurisdictional, in nature because the inquiry was whether the amendment created surprise or prejudice. Therefore, they posit, the issue before the trial court should have been remedied by amendment and/or severance. *See* TEX. TAX CODE § 42.21(f) (providing for severance when multiple plaintiffs or multiple dissimilar properties are involved). Sadeghian argues

13

DCAD's plea in the alternative for severance indicated the court should have remedied the defect by way of severance rather than granting the plea to the jurisdiction.

We disagree and find the plea in the alternative does not demonstrate the trial court had jurisdiction over the matter. It was Sadeghian's burden to allege facts conferring jurisdiction, *City of McAllen v. Brand*, No. 13-14-00167-CV, 2015 Tex. App. LEXIS 3157, at *7 (Tex. App.—Corpus Christi Apr. 2, 2105, no pet.) (mem. op.), and "[s]ubject matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding." *Tourneau Houston, Inc. v. Harris County Appraisal Dist.*, 24 S.W.3d 907, 910 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

As part of his argument in his third issue, Sadeghian argues the record does not support surprise or prejudice and any defect here was procedural, not jurisdictional. We agree with DCAD that the issue is inadequately briefed. *See* TEX. R. APP. P. 38.1 (providing requisites of appellate briefs). However, even considering the merits of the claim, we find the record supports a claim of surprise or prejudice. Generally, a party may amend its pleadings up until seven days before trial or the deadline imposed by the court. TEX. R. CIV. P. 63. An amended pleading after that deadline must be made with the leave of court. *Id*. The amended pleading here was filed about two weeks after the court-imposed deadline and was filed without leave of court.[3] The expert designation deadlines had also passed. 514 properties were added and Sadeghian argued each was both excessively appraised and unequally appraised. This led to over 1,000 claims that were

---

[3] Leave of court was not sought until the failure was noted in DCAD's plea to the jurisdiction. Sadeghian sought leave in its response to the plea.

14

not sufficiently set forth in the previous iterations of the petition. The trial court could have determined this was sufficient to create surprise and prejudice to DCAD. *See Nicholson v. Bank of N.Y. Mellon*, No. 02-20-00379-CV, 2022 Tex. App. LEXIS 2167, at *12 (Tex. App.—Fort Worth Mar. 31, 2022, no pet.) (mem. op.) ("the trial court may conclude that the amendment is on its face calculated to surprise or that the amendment would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying trial"); *Hakemy Bros., Ltd. v. State Bank & Trust Co.*, 189 S.W.3d 920, 925 (Tex. App.—Dallas 2006, pet. denied) (the trial court could have concluded the new cause of action would have reshaped the litigation, prejudicing the opposing parties and delaying the trial).

Timely Invocation of Jurisdiction under Section 42.21(a)

Through Sadeghian's second issue, they argue they timely invoked jurisdiction under section 42.21(a), including the 2023 tax-year orders issued in 2024. DCAD contends the original petition did not allege any facts concerning tax year 2023, only tax year 2024. The first mention of tax year 2023 was in the Second Amended Petition, filed more than nine months after the jurisdictional deadline of the Tax Code. The trial court therefore lacked jurisdiction over tax year 2023 claims.

Sadeghian argues they filed protests, received final orders from the DCARB on or about August 14, 2024, and filed the original petition on October 14, 2024, within the 60-day period proscribed by section 42.21(a). They point out that the challenged 2023 tax-year orders were heard during the 2024 DCARB cycle and the final orders were issued in 2024. Orders for both tax years, i.e., 2023 and 2024, were issued and received in

15

2024.[4]  Therefore, they contend, the suit filed on October 14, 2024, encompassed an appeal relating to both tax years and was timely.

DCAD responds, noting an appeal of a review board order under Chapter 42 is a "discrete occurrence" for each tax year.  *See Atascosa County Appraisal Dist. v. Tymrak*, 858 S.W.2d 335, 336 (Tex. 1993) (each tax year constitutes a separate appeal).  It also points out that tax year 2023 did not appear in Sadeghian's pleadings until the second amended petition that was filed nearly a year after they received the DCARB orders.  And, the prayer that appears in that petition seeks correction of the "2024 appraisal roll." Therefore, the petition was untimely as it pertains to tax year 2023.

We agree.  "[A] taxpayer must pursue the annual administrative process for *each tax year* that he wants to appeal . . . ."  *Desert NDT, LLC v. Ector Cnty. Appraisal Dist.*, 654 S.W.3d 302, 309 (Tex. App.—Eastland 2022, no pet.) (citing *Tymrak*, 858 S.W.2d at 337).  Indeed, the taxpayer "must complete these steps for each year that it desires to challenge the valuation because the completion of all the administrative requirements, the filing of a timely petition in the trial court, and the prosecution of the lawsuit to its final disposition affects only the appraised value of the property for that one tax year."  *Id.* Therefore, the suit filed on October 14, 2024, relates only to claims relating to tax year 2024.  We resolve the issue against Sadeghian.

---

[4] The record reflects that this is true and there is no dispute on that point.  However, the applicable law indicates a challenge should have been brought for each tax year, regardless of when the matters were heard by the DCARB and when orders concerning those claims were issued.

## CONCLUSION

Having overruled each of Sadeghian's issues, we affirm the judgment of the trial court.

Alex Yarbrough
Justice